# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | SITTING JUDGE IF OTHER THAN ASSIGNED JUDGE | |
|---|---|---|---|
| CASE NUMBER | 03 C 3574 | DATE | SEPT. 19, 2003 |
| CASE TITLE | UNITED STATES OF AMERICA v. DWIGHT WARREN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to vacate, set aside, or correct sentence [1] denied. Clerk of the Court directed to enter judgment in favor of the government and against defendant denying defendant's motion under 28 U.S.C. § 2255. If defendant wishes to appeal this judgment, he must file a Notice of Appeal to the U. S. Court of Appeals for the Seventh Circuit with the Clerk of the Court, U.S. District Court for the N. District of Ill., 219 S. Dearborn St., 20th Fl., Chicago, IL 60604, within 60 days of the entry of the judgment in this case. Any notice of appeal should be accompanied by a request for a certificate of appealability, including a statement as to why a certificate should issue. See 28 U.S.C. § 2253; Fed. R. App. P. 22(b).
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | SEP 22 2003 date docketed | |
| | Notified counsel by telephone. | | | 9 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 9/19/2003 date mailed notice | |
| | cw | courtroom deputy's initials | Date/time received in central Clerk's Office | mqm mailing initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SEP 2 2 2003 |
| Plaintiff, | ) | |
| v. | ) No. 03 C 3574 | |
| DWIGHT WARREN, | ) (00 CR 397) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

In January 2001, defendant Dwight Warren entered a guilty plea to one count of armed bank robbery. The guilty plea was a "blind" plea, that is it was not based on a plea agreement with the government. Defendant was subsequently sentenced to 120 months' imprisonment to be followed by three years' supervised release, and ordered to pay a $100 special assessment and $66,684 in restitution. On direct appeal, defendant raised the issue of whether there should have been a four-level enhancement under the Sentencing Guidelines for use of a firearm during the robbery. See U.S.S.G. § 2B3.1(b)(2)(D). This contention was rejected on direct appeal. See United States v. Warren, 279 F.3d 561 (7th Cir. 2002). Defendant was represented by the same attorney from the time of the guilty plea through direct appeal. Different attorneys represented defendant earlier during the pretrial proceedings.

Subsequent to the affirmance on direct appeal, defendant filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. In the motion, defendant summarily denominates three claims. Claim 1 is that counsel provided ineffective assistance during plea negotiations because counsel did not adequately seek to suppress his confession or protect his right to face his accuser. Claim 2 is that counsel provided ineffective assistance at sentencing by permitting use of the confession, not protecting his right to face his accuser, and not preventing application of a sentencing enhancement for using a firearm. Claim 3 is that counsel provided ineffective assistance by failing to adequately argue the aforementioned issues on direct appeal.

To prevail on an ineffective assistance of counsel claim, defendant must show both that the performance of his attorney fell below an objective standard of reasonableness and that the deficient performance caused him prejudice. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Hardamon v. United States, 319 F.3d 943, 948 (7th Cir. 2003); Anderson v. Sternes, 243 F.3d 1049, 1057 (7th Cir.), cert. denied, 534 U.S. 930 (2001). If one component cannot be satisfied, it is not necessary to reach the merits of the second component. See United States v. Pratt, 52 F .3d 671, 675 (7th Cir.), cert. denied, 516 U.S. 881 (1995). As to the deficient performance prong, the scrutiny of counsel's performance is highly deferential; defendant has the heavy burden of overcoming the strong presumption that counsel's performance was effective.

Coleman v. United States, 318 F.3d 754, 758 (7th Cir. 2003). To meet this burden, defendant must establish specific acts or omissions of counsel which constitute ineffective assistance because they fall below prevailing professional norms. Id. As to the prejudice prong, it must be shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. See also Hardamon, 319 F.3d at 948; Anderson, 243 F.3d at 1057. As to the alleged ineffective assistance during plea bargaining, the prejudice prong can be satisfied by a showing of a reasonable probability that, if not for counsel's errors, defendant would have obtained and accepted a more favorable plea offer.[1] Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998). Toro v. Fairman, 940 F.2d 1065, 1068 (7th Cir. 1991), cert. denied, 505 U.S. 1223 (1992); Golden v. United States, 35 F. Supp. 2d 664, 668 (N.D. Ind. 1999). See also United States v. Woolley, 123 F.3d 627, 635 (7th Cir. 1997); McCleese v. United States, 75 F.3d 1174, 1179 (7th Cir. 1996); United States ex rel. Sams v. Chrans, 165 F. Supp. 2d 756, 760 (N.D. Ill. 2001). Objective evidence requires something more than

---

[1] Since defendant does not detail his allegations regarding plea negotiations, it is unclear exactly what he means by being "actually prejudiced in stage of plea bargaining negotiation stage of proceedings." Apparently, he contends that he would have been offered a more favorable plea agreement had his counsel effectively put forth the possible merits of the motion to suppress.

defendant's representation that he would have accepted a plea had he received different advice. Paters, 159 F.3d at 1046-47; Johnson v. Duckworth, 793 F.2d 898, 902 n.3 (7th Cir.), cert. denied, 479 U.S. 937 (1986); Sams, 165 F. Supp. 2d at 760-61; Nelson v. United States, 22 F. Supp. 2d 860, 864 (C.D. Ill. 1998). As to appellate representation, an attorney's performance is "insufficient when counsel omits a 'significant and obvious issue' without a legitimate strategic reason for doing so." Howard v. Gramley, 225 F.3d 784, 790 (7th Cir. 2000) (quoting Mason v. Hanks, 97 F.3d 887, 893 (7th Cir. 1996)). See also Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir. 2001). The prejudice component is satisfied if appellate counsel failed to raise an issue for which there is a reasonable probability that it would have resulted in reversal of the conviction or an order for a new trial or sentencing. See Winters, 274 F.3d at 1167; Mason, 97 F.3d at 893.

Here, the government properly objects that the motion itself is deficient because it does not allege any specific failure on the part of counsel and therefore does not provide sufficient support for either the deficient performance or prejudice prong. See Coleman, 318 F.3d at 758; United States v. Herrera-Rivera, 25 F.3d 491, 496 (7th Cir. 1994); United States v. Flores, 5 F.3d 1070, 1080 (7th Cir. 1993), cert. denied, 510 U.S. 1074 (1994). In his reply, defendant points to one alleged deficiency on the part of counsel. Defendant contends counsel did not adequately press the issue that his

girlfriend was coerced into providing false statements when FBI agents involuntarily detained her for 17 hours.

The facts of this case are that a bank was robbed in November 1998. Eighteen months later, the FBI questioned defendant's girlfriend, Sheronda Steele, regarding the robbery. Steele stated that, a few days after the robbery, defendant had informed her that he had engaged in the robbery. Steele then aided the FBI in convincing defendant to confess to the robbery. Defendant remained in custody pending the trial of his case. Prior to pleading guilty, defendant had moved to suppress his confession. The motion to suppress was supported in part by an affidavit of Steele. While in custody, defendant had had conversations with Steele which were recorded by the institution. The government contended that the recorded conversations showed that defendant and Steele discussed changing Steele's prior statements to support that defendant's confession had been involuntarily coerced. After the government disclosed the recorded conversations, defendant withdrew his motion to suppress and pleaded guilty. The conversations with Steele were a basis for a two-level adjustment for obstruction of justice under the Sentencing Guidelines. See U.S.S.G. § 3C1.1.

In his reply, defendant emphasizes that he is not directly challenging the voluntariness of his confession. Instead, he contends that Steele was involuntarily coerced into assisting the FBI and therefore his confession should have been suppressed as a fruit of that unlawful conduct. It is this

argument that defendant contends counsel failed to raise and consider when advising defendant to withdraw the motion to suppress and instead plead guilty. But even assuming Steele was improperly detained and coerced, that provides no sufficient basis for suppressing defendant's confession. Since the argument based on the alleged coercion of Steele is without merit, it would be no basis for finding either that counsel's performance was deficient or that defendant was prejudiced by any failure on counsel's part to consider or raise this argument.

Evidence ordinarily will not be suppressed on the ground that a person other than the defendant had his or her constitutional rights violated. Buckley v. Fitzsimmons, 20 F.3d 789, 794-95 (7th Cir. 1994), cert. denied, 513 U.S. 1085 (1995); United States v. Chiavola, 744 F.2d 1271, 1273 (7th Cir. 1984); United States ex rel. Cunningham v. DeRobertis, 719 F.2d 892, 895-96 (7th Cir. 1983); United States v. Richardson, 1 F. Supp. 2d 495, 496 (D.V.I. 1998). However, because an involuntarily coerced statement is unreliable evidence, it may be a violation of constitutional due process to use such statements as evidence of another person's guilt. Buckley, 20 F.3d at 795; Chiavola, 744 F.2d at 1273; Cunningham, 719 F.2d at 895-96; Douglas v. Woodford, 316 F.3d 1079, 1092 (9th Cir. 2003); Clanton v. Cooper, 129 F.3d 1147, 1158 (10th Cir. 1997); Richardson, 1 F. Supp. 2d at 497-98. Thus, assuming that Steele's statements to the FBI were involuntary, her statements to the FBI likely could not themselves have been used as evidence at defendant's trial, but

they do not provide a basis for extending suppression to any fruits of her confession. Richardson, 1 F. Supp. 2d at 496-97. Defendant's confession itself, which was the key incriminating evidence, would only be suppressed if his confession was itself involuntary. The statements that Steele made to defendant in order to help convince him to confess did not make his statements inadmissible as involuntary. See Chiavola, 744 F.2d at 1273-74; Cunningham, 719 F.2d at 896. Cf. Douglas, 316 F.3d at 1092-93. Since any possible contentions related to Steele's allegedly involuntary statement would not have been a meritorious basis for suppressing defendant's confession, it was neither deficient performance nor any prejudice to defendant for any of his attorneys to fail to raise or consider this issue.

IT IS THEREFORE ORDERED that defendant's motion to vacate, set aside, or correct sentence [1] is denied. The Clerk of the Court is directed to enter judgment in favor of the government and against defendant denying defendant's motion under 28 U.S.C. § 2255. If defendant wishes to appeal this judgment, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within sixty (60) days of the entry of the judgment in this case. Any notice of appeal should be accompanied by a request for a certificate of appealability,

including a statement as to why a certificate should issue. <u>See</u> 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

        ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 19, 2003